IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEREIDA ROMAN, on behalf of J.J.A.,<br><br>　　　　　*Plaintiff,*<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　*Defendant.* | CIVIL ACTION<br>NO. 15-3413 |

**ORDER**

**AND NOW**, this 17th day of August, 2016, upon consideration of Magistrate Judge Marilyn Heffley's Report and Recommendation (ECF No. 14), Plaintiff's Objections thereto (ECF No. 15), Defendant's Response (ECF No. 17) and Plaintiff's Reply (ECF No. 18), as well as a thorough review of the record in this case, it is **ORDERED** that:

1. Plaintiff's objections are **OVERRULED**;[1]

---

[1] When objections are timely filed to a magistrate judge's report and recommendation, the district court must review *de novo* those portions of the report to which objections are made. *See* 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). "Although the review is *de novo*, the court is permitted by statute to rely on the magistrate judge's proposed recommendation to the extent the court, in the exercise of sound discretion, deems proper." *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

　　　Roman makes eleven objections to Judge Heffley's Report and Recommendation ("R & R"). First, Roman "objects to the Magistrate's finding that Dr. Deeney and [Dr.] Zoratti are psychologists." (Pl.'s Obj. to R & R at 2, ECF No. 15.) On page six of the R & R, Judge Heffley refers to J.J.A.'s treating psychiatrists, Dr. Deeney and Dr. Zoratti, as "psychologists." (R & R at 6, ECF No. 14.) Throughout the remainder of the R & R, however, Judge Heffley refers to them as psychiatrists. (*See, e.g.*, R & R at 9 ("In this case, the ALJ stated that although one of J.J.A.'s treating psychiatrists, Dr. Deeney . . ."); *Id.* at 10 ("Here, as discussed above, the ALJ properly accorded less than controlling weight to the opinions of Drs. Zoratti and Deeney for being inconsistent with the objective evidence of record, including each psychiatrist's own treatment notes."); *Id.* at 11 (". . . as opposed to the opinions of Drs. Zoratti and Deeney, in which each psychiatrist merely filled in blanks . . ."). Judge Heffley accordingly did not "find" that the Doctors were psychologists. Moreover, Roman fails to identify how this one apparent typographical mistake affected Judge Heffley's analysis and the Court accordingly overrules the objection.

　　　The remaining ten objections address identical issues previously briefed by the parties and analyzed in the R & R. The Court adopts Judge Heffley's thorough analysis of each issue raised by the remaining ten objections and

1

2. Magistrate Judge Heffley's Report and Recommendation is **APPROVED** and **ADOPTED**;

3. Plaintiff's request for review is **DENIED**;

4. The decision of the Acting Commissioner of Social Security is **AFFIRMED**; and

5. The Clerk of Court shall **CLOSE** this case statistically.

BY THE COURT

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J

---

recites only the most salient points from the R & R which support a finding that the ALJ's decisions were supported by substantial evidence.

The record establishes that although J.J.A. had some limitations in attending and completing tasks due to his ADHD, he was improving as of the date of the ALJ's decision. (*See id.* at 7–11.) For example, treatment notes from 2010 indicate that J.J.A. "ha[d] improved" and was "doing well in school." (*Id.* at 7 (citing Record at 25, 561).) While J.J.A. experienced episodes of hyperactivity when he failed to take his medication, treatment notes from his treating psychiatrists indicated that his hyperactivity had improved and was controlled under his current regimen of medication. (*Id.* at 9 (citing Record at 25, 561, 607).) Moreover, J.J.A.'s school records established that he was on grade level, usually on task and generally friendly, with occasional arguments with peers. (*Id.* (citing Record at 25).)

The record also establishes that the ALJ's decision to give little weight to the opinions of Drs. Deeney and Zoratti was supported by substantial evidence. Dr. Deeney noted that J.J.A. had "severe to extreme" limitations in the area of attending and completing tasks while Dr. Zoratti found "marked" limitations. (*Id.* (citing Record at 26).) Both of those opinions are contradicted by, among other things: (1) the Doctors' own treatment notes indicating that J.J.A.'s hyperactivity was controlled and improving with medication; (2) the school reports indicating that J.J.A. was on task and generally friendly, with only occasional arguments; and (3) the consultative examiner's analysis which found that J.J.A. presented as an "active" child with a "pleasant personality." (*Id.* at 7–11 (citing Record at 26, 561, 578, 607).) Although Drs. Deeney and Zoratti were J.J.A.'s treating psychiatrists, the ALJ properly afforded their opinions less weight given that they were inconsistent with their own records, J.J.A.'s school records and the opinions of the consultative examiner. *See, e.g., Eskridge v. Astrue*, 569 F. Supp. 2d 424, 437 (D. Del. 2008).

2